IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORA ARMSTRONG, SADIE SIMS, ) <br> and KINNIE SIMPSON, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STANDARD FURNITURE, THOMAS ) <br> CASKEY, and EDDIE DENSON, ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. <br> 04-0448-BH-B |

**ORDER**

This action is before the Court to resolve post-judgment issues which do not, frankly, deserve the energy and animosity expended by Standard Furniture's counsel.  It is true that the Court, on October 24, 2005, taxed costs (Doc. 76) in favor of Standard Furniture ("Standard"), one of the defendants herein, and against each of the plaintiffs in the amount of $1,344.49.  It is also true that none of the three plaintiffs have paid these costs and that Standard's efforts to obtain post-judgment discovery related to the costs taxed required Standard to seek this Court's assistance to compel such discovery.

It is now evident to the Court, and should likewise be to Standard, that the Court can do little to compel Standard's efforts to obtain blood from the turnip.  Plaintiff Sadie Sims is presently, as acknowledge by Standard, in bankruptcy and thus protected from any effort to collect the aforementioned costs except by presenting a claim as required by the Bankruptcy Code.  Standard has proffered no authority for its being treated any differently than any other creditor in this debtor's life.

The sole concern of this Court with regard to Sadie Sims is the languishing state law invasion of privacy claim remaining against Eddie Denson.  Although such claim now belongs to the Bankruptcy Trustee, the Court is unsure of the Trustees intent to proceed with the Pretrial Conference now set for January 17, 2007 (Doc. 89) and Jury Selection scheduled for January 30, 2007.  In view of the nature of the remaining claims and the evidence previously reviewed by this Court in conjunction with such claim, the Court seriously doubts that the Trustee would waste his/her energy pursuing the litigation, particularly against a likely judgment proof defendant.  It is therefore **ORDERED** that the invasion of privacy claim asserted in the complaint by Sadie Sims against Eddie Denson be and is hereby **DISMISSED with prejudice.**  The Court is willing to reconsider this matter and reinstate the action with respect to this claim only if the Trustee files a motion to reconsider **no later than November 30, 2006**, and therein advises the Court that he/she desires to litigate the claim.  It is **FURTHER ORDERED** that Sadie Sims' counsel in this case is hereby **DIRECTED** to deliver a copy of this Order to the Trustee **no later than November 22, 2006** by whatever means can accomplish the delivery.

Now, with respect to Plaintiff Kinnie Simpson, the Court is at a loss as to what Standard expects it can accomplish.  Simpson's counsel has declared that they have been unsuccessful in their efforts to contact their client.  Although, as Standard points out, Simpson's counsel have not sought to withdraw from her representation, the Court shall *sua sponte* **ORDER** that such leave to withdraw be and is hereby **GRANTED** and thus

allow Standard's counsel to directly contact Kinnie Simpson relative to the costs taxed against her by this Court.

As to Cora Armstrong, the Court agrees that no good cause was shown for this plaintiff's delay in answering Standard's post-judgment discovery requests, thus necessitating Standard's renewed motion to compel.  In addition, although the Court accepts counsel's contention that she "served by mail answers to the interrogatories propounded by Cora Armstrong and filed a certificate that this had been done with the Court" (*see* Doc. 94 at ¶ 2), the alleged certificate (Doc. 92) bears no date but was filed on November 13, 2006.  The Court must, therefore, assume that the answers propounded by Cora Armstrong were likewise mailed on November 13, 2006.  The Court had, however, ordered the answers to be received by Standard ***no later than*** November 13th.  *See*, Order of October 24, 2006 (Doc. 87).  Armstrong's failure to comply thus necessitated Standard's Notice (Doc. 93) regarding plaintiffs' failure to comply.  Consequently, the Court will further tax against Cora Armstrong costs in the amount of $100.00 which represents, in this Courts opinion, her share of a reasonable cost for the preparation of Standard's motion to compel and the notice filed on November 14, 2006.  It is therefore **ORDERED** that costs in the amount of $100.00 be and is hereby **TAXED** against Cora Armstrong, in addition to the $1,344.49 previously taxed, and that such costs in the total amount of $1,444.49 be paid to Standard Furniture by Cora Armstrong **no later than December 29, 2006,** unless these parties agree to another payment schedule.

Finally, the Court has considered Cora Armstrong's motion (Doc. 90) to dismiss her invasion of privacy and assault and battery claims against Eddie Denson and concludes that same should be granted. It is therefore **ORDERED** that Cora Armstrong's remaining claims in this action be and are hereby **DISMISSED with prejudice** and that, consequently, the Order entered by this Court on October 30, 2006 (Doc. 89) setting such claims for Pretrial Conference on January 17, 2007, and jury selection on January 30, 2007, be and is hereby **VACATED** and **SET ASIDE**.

Inasmuch as the sole remaining claims in this action have now been dismissed, the Clerk is hereby directed to close this action.

**DONE** this 20th day of November, 2006.

s/ W. B. Hand
SENIOR DISTRICT JUDGE
